■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN KING, Appellant. [725 NYS2d 224] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 15, 1998, convicting him of attempted aggravated assault upon a police officer, upon his plea of guilty, and sentencing him to a determinate term of 12 years imprisonment, to run consecutively to a sentence imposed on his prior conviction of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Ordered that the judgment is affirmed.

While free on bail after being convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, the defendant failed to appear for sentencing and a warrant was issued for his arrest. The defendant was subsequently located and arrested. As he was being transported to the Orange County Jail by a deputy sheriff, he reached into the front seat of the vehicle and grabbed the deputy's gun. During the ensuing struggle, the gun discharged. The defendant was indicted for, *inter alia,* attempted aggravated assault upon a police officer and ultimately pleaded guilty to that charge. He was sentenced to a determinate prison term to run consecutively to the sentence imposed on his prior felony convictions.

Pursuant to Penal Law § 70.25 (2-b), the County Court properly ordered the defendant's sentences to run consecutively. Contrary to his contention, there were no mitigating circumstances bearing directly on the manner in which the crime was committed that would permit the imposition of concurrent sentences (*see,* Penal Law § 70.25 [2-b]; *People v Camacho,* 120 AD2d 671). Even if Penal Law § 70.25 (2-b) were not applicable to the circumstances of this case, the court providently exercised its discretion in imposing consecutive sentences.

The sentence imposed was not otherwise excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Luciano, H. Miller and Smith, JJ., concur.